# EXHIBIT A

*Filed Electronically*

COMMONWEALTH OF KENTUCKY
22nd JUDICIAL CIRCUIT
FAYETTE CIRCUIT COURT
DIVISION _____
17-CI-_____

LETCH G. DAY, STEPHANIE E. FIELDS, STEVEN D. FRASURE,
STEPHANIE G. LOGSDON, SONYA A. BURKHART,
LESLIE H. FRYMAN, SEAN H. DAVENPORT, and EDWIN BENTLEY
on behalf of themselves and all others
similarly situated,                                                                    PLAINTIFFS,

v.                                      **COMPLAINT**

AIR METHODS CORPORATION d/b/a
AIR METHODS OF KENTUCKY, AIR METHODS,
AIR IDAHO RESCUE, ARCH AIR MEDICAL SERVICE,
BLACK HILLS LIFE FLIGHT, LIFENET,
LIFENET SOUTH CAROLINA, MERCY AIR,
REACT ROCKFORD MEMORIAL HOSPITAL,
WYOMING LIFE FLIGHT, ALABAMA LIFE SAVER,
BAYFLITE, SAN ANTONIO AIRLIFE, GUTHRIE AIR,
LIFESTART, PORTNEUF AIR RESCUE, NATIVE AIR,
MEDFLIGHT, REACTSAINTS FLIGHT, WAKEMED AIR MOBILE,
LIFEMED OF ALASKA, UNIVERSITY HOSPITALS MEDEVAC,
TRI-STATE CARE FLIGHT, and MEDIFLIGHT OF OKLAHOMA
          **SERVE:** CT Corporation System
          306 West Main Street
          Suite 512
          Frankfort, KY 40601
          **CERTIFIED MAIL—Return Receipt Requested,**

WILLIAM KELLY MILLER
          **SERVE:** 108 Boland Street
          Burnside, KY 42519
          **CERTIFIED MAIL—Return Receipt Requested,**

and

JOSEPH BARKLEY HILL                                                       DEFENDANTS,
          **SERVE:** 139 Bristol Lane
          Mt. Sterling, KY 40353
          **CERTIFIED MAIL—Return Receipt Requested.**

Plaintiffs, Letch G. Day ("Day"), Stephanie E. Fields ("Fields"), Steven D. Frasure ("Frasure"), Stephanie G. Logsdon ("Logsdon"), and Sonya A. Burkhart ("Burkhart"), Leslie H. Fryman ("Fryman"), Sean H. Davenport ("Davenport"), and Edwin Bentley ("Bentley") on behalf of themselves and all others similarly situated, state the following Complaint against Defendants Air Methods Corporation doing business as AirMethods of Kentucky, Air Methods, Air Idaho Rescue, ARCH Air Medical Service, Black Hills Life Flight, LifeNet, LifeNet South Carolina, Mercy Air, REACT Rockford Memorial Hospital, Wyoming Life Flight, Alabama Life Saver, Bayflite, San Antonio AirLife, Guthrie Air, Lifestar, Portneuf Air Resuce, Native Air, MedFlight, REACTSaints Flight, WakeMed Air Mobile, University Hospitals MedEvac, LifeMed of Alaska, Tri-State Care Flight, and Medicflight of Oklahoma (collectively "Air Methods"), Joseph Barkley Hill ("Hill"), and William Kelly Miller ("Miller"):

## JURISIDICTION AND VENUE

1. This action arises under Kentucky Revised Statute ("KRS") Chapter 337, and other relevant similar state overtime laws, which provides certain protections to employees to, *inter alia*, ensure proper payment of wages.

2. Plaintiffs Day, Fields, Frasure, Logsdon, Burkhart, Fryman, Davenport, and Bentley are all residents of the Commonwealth of Kentucky, some residing in Fayette County, Kentucky.

3. Defendant Air Methods is a Colorado corporation duly authorized to conduct business within the Commonwealth of Kentucky with its Registered Agent in Franklin County, Kentucky.

4. Defendant Air Methods has physical work locations in Franklin, Montgomery, Floyd, Perry, Laurel, Pulaski, Marion, Barren, Hardin, and Trimble counties, Kentucky.

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (622224)

COM : 000002 of 000014

Filed     17-CI-01071    03/22/2017        Vincent Riggs, Fayette Circuit Clerk

Furthermore, Defendant Air Methods provides air medical services in every county of Kentucky, including Fayette County, Kentucky.

5. On a daily basis, Defendant Air Methods conducts business operations within Fayette County, Kentucky, which subjects them to the jurisdiction of the Fayette Circuit Court.

6. Additionally, Defendant Air Methods conducts relevant business operations in every state in the United States of America.

7. Defendants Miller and Hill are residents and domiciliary of the Commonwealth of Kentucky.

8. During relevant times herein, Plaintiffs and others were employed by Defendants within the Commonwealth of Kentucky, performing work in virtually every county of Kentucky, including Fayette County Kentucky.

9. Defendants qualify as employers under relevant laws including KRS 337.010(1)(d).

10. Plaintiffs qualify as employees under relevant laws including KRS 337.010(1)(e) and (2)(a).

11. Pursuant to laws including, KRS Chapters 337, 411, and 452, venue is appropriate in this jurisdiction.

12. The amount in controversy is well in excess of the jurisdictional minimum amount of this Court.

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (622224)

COM : 000003 of 000014

Filed     17-CI-01071    03/22/2017        3    Vincent Riggs, Fayette Circuit Clerk

## BACKGROUND FACTS
## RELEVANT TO ALL COUNTS

13. This is a representative action brought by Plaintiffs on behalf of themselves and other similarly situated employees who are or were employed by Defendants as Flight Paramedics and Flight Nurses between January 1, 2007 and the time of trial.

14. Plaintiffs and other similarly situated employees who were employed by Defendants were not properly compensated for overtime hours worked in violation of relevant laws including KRS 337.385(1); 7 Code of Colorado Regulations ("CCR") § 1103-1:4; California Labor Code § 510; Hawai'i Revised Statutes § 387-3; Indiana Code § 22-2-2-4; 820 Illinois Complied Statutes 105/4a; 26 Maine Revised Statutes Annotated § 664; Maryland Code § 3-420; Michigan Complied Laws Annotated § 408.414a; Minnesota Statutes Annotated § 177.25; North Carolina General Statutes Annotated § 95-25.4; New Jersey Statutes Annotated § 34:11-56a4; Consolidated Laws of New York § 160; General Laws of Rhode Island 1956, § 28-12-4.3; Revised Code of Washington Annotated § 49.46.130; West Virginia Code, § 21-5C-3; and Wisconsin Administrative Code § DWD 274.03.

15. Defendants operate an air medical transport service providing services in every state inside the United States of America, including Kentucky, at over three hundred (300) locations, subject to various state overtime laws as recited above.

16. Defendant Air Methods requires employees to travel for certain training and other work related affairs to certain states, including Colorado and Kentucky.

17. Plaintiff Day was employed by Defendants as a Flight Paramedic from May 28, 2008, until February 23, 2017, in the Commonwealth of Kentucky.

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (622224)

COM : 000004 of 000014

Filed         17-CI-01071    03/22/2017          Vincent Riggs, Fayette Circuit Clerk

18. Plaintiff Fields was employed by Defendants as a Flight Nurse from approximately 2009 until March 2013, in the Commonwealth of Kentucky.

19. Plaintiff Frasure was employed by Defendants as a Flight Paramedic from 2007 until 2014, in the Commonwealth of Kentucky.

20. Plaintiff Logsdon was employed by Defendants as a Flight Nurse from approximately 2005 until 2010, in the Commonwealth of Kentucky.

21. Plaintiff Burkhart was employed by Defendants as a Flight Nurse from February 2004 until December 2014 and again from 2016 until February 23, 2017, in the Commonwealth of Kentucky.

22. Plaintiff Fryman was employed by Defendants as a Flight Paramedic from 2001 until 2009, in the Commonwealth of Kentucky.

23. Plaintiff Davenport was employed by Defendants as a Flight Paramedic from 2003 until 2008, in the Commonwealth of Kentucky.

24. Plaintiff Bentley was employed with Defendants as both a Flight Paramedic and Base Manager from 2003 until 2014, in the Commonwealth of Kentucky.

25. Defendants employ Flight Paramedics and Flight Nurses at each of their locations.

26. Flight Paramedics and Flight Nurses are required to routinely work more than forty (40) hours per week for Defendants.

27. Flight Paramedics and Flight Nurses are not compensated at one and one half times their regular rate for **all** hours worked over forty (40) in a week.

28. Work performed by Flight Paramedics and Flight Nurses employed by Defendants are subject to the provisions of KRS Chapter 337, 7 CCR § 1103-1:4, and other relevant state laws as recited above.

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (622224)

COM : 000005 of 000014

Filed         17-CI-01071    03/22/2017          5    Vincent Riggs, Fayette Circuit Clerk

29. Defendant Air Methods fraudulently asserted in its employee handbook Flight Paramedics and Flight Nurses were exempt from overtime requirements and any overtime paid by Defendants were done voluntarily and not required by any law.

30. Plaintiff Frasure was told by management that attorneys for Defendant Air Methods affirmed that it was "legal" for the company to refrain from paying overtime for work completed in excess of forty (40) hours per week.

## REPRESENTATIVE ACTION ALLEGATIONS

31. Plaintiffs bring this action as a representative action on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendants.

32. Plaintiffs and all other Flight Paramedics and Flight Nurses employed by Defendants who performed work in states including, Kentucky, Colorado, Hawai'i, Indiana, Illinois, Maine, Maryland, Michigan, Minnesota, North Carolina, New Mexico, New Jersey, New York, Rhode Island, Washington, West Virginia, and Wisconsin are similarly situated employees because, *inter alia*, they were all subjected to the same unlawful pay practices, specifically the denial of overtime pay for work over forty (40) hours per week.

Filed          17-CI-01071     03/22/2017          Vincent Riggs, Fayette Circuit Clerk

## COUNT ONE:
## VIOLATIONS OF STATE
## OVERTIME REQUIREMENTS

33. Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

34. KRS Chapter 337, and other relevant similar state overtime laws, substantially sets forth state wage and hours laws intended to protect employees and ensure that they are justly compensated.

35. Pursuant to KRS 337.285(1), Defendants were required to provide compensation at one and one half times their regular rate for all hours worked over forty (40) in a week.

36. Ignoring the requirements of KRS 337.285(1), Defendants told their employees that Air Methods was exempt from overtime requirements.[1]

37. In reality, Plaintiffs and all other similarly situated individuals were NOT exempt from the overtime requirements imposed by KRS 337.285(1).[2]

---

[1] The fraudulent misrepresentations of Defendant Air Methods tolled the applicable statute of limitations for similarly situated employees to pursue a claim. Employees who relied upon Defendants' fraudulent claims were "excusably unaware of the existence of his cause of action." See *Udvari v. U.S.*, 28 Fed.Cl. 137, 139 (Fed.Cl.1993), and *Nerseth v. U.S.*, 17 Cl. Ct. 660, 665 (Cl. Ct. 1989). Defendant Air Methods knew that their practices of failing to pay overtime were in violation of relevant state laws after the issue was adjudicated in the District of New Mexico in a case involving Tri-State Careflight, a subsidiary of Defendant Air Methods. Despite the clear ruling from the Court, Defendant Air Methods continued with its false representations that it was not required to pay overtime in accordance with applicable state laws.

[2] *See, e.g., Payne v. Tri-State Careflight, LLC*, No. CIV 14-1044 JB/KBM, 2016 WL 6396214 (D.N.M. Oct. 25, 2016). This Court should note that Tri-State Careflight, LLC is owned by Defendant Air Methods Corporation.

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (622224)

COM : 000007 of 000014

38. Defendants' actions of failing to pay Plaintiffs properly for all hours worked over forty (40) in a week at one and one half times the individual's rate of pay constitutes a clear violation of KRS 337.285(1).

39. Such action constitutes a failure to compensate Plaintiffs for their overtime hours which proximately caused Plaintiffs to suffer economic harm.

40. Pursuant to, *inter alia*, KRS 337.385, Plaintiffs are entitled to compensatory damages, attorney's fees, and an award of punitive damages against Defendants in an amount that exceeds the jurisdictional minimum of this Court.

41. Likewise, employees who performed work in Colorado, Hawai'i, Indiana, Illinois, Maine, Maryland, Michigan, Minnesota, North Carolina, New Mexico, New Jersey, New York, Rhode Island, Washington, West Virginia, and Wisconsin were governed by state laws that mandated Defendant Air Methods to provide overtime compensation for any work completed in excess of forty (40) hours in a work week.

42. Employees who performed work in Colorado, Hawai'i, Indiana, Illinois, Maine, Maryland, Michigan, Minnesota, North Carolina, New Mexico, New Jersey, New York, Rhode Island, Washington, West Virginia, and Wisconsin were not provided overtime compensation as required by governing state law.

43. Because employees who performed work in Colorado, Hawai'i, Indiana, Illinois, Maine, Maryland, Michigan, Minnesota, North Carolina, New Mexico, New Jersey, New York, Rhode Island, Washington, West Virginia, and Wisconsin were not provided required compensation, have suffered damages and are entitled to damages under applicable state laws.

## COUNT TWO:
## UNJUST ENRICHMENT

44. Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

45. Plaintiffs and all other similarly situated individuals are entitled to correct payment of wages.

46. Defendants have been unjustly enriched by utilizing Plaintiffs' services without providing the required compensation earned by and owed to Plaintiffs.

47. As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs have been damaged, in large part by fraud, in an amount which exceeds the jurisdictional minimum of this Court.

## COUNT THREE:
## RETALIATION

48. Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

49. KRS 337.990(9) forbids employers from retaliating against employees who have "made any complaint to his or her employer . . . that he or she has not been paid wages in accordance with KRS 337.275 and 337.285 or regulations issued thereunder."

50. On several occasions, Plaintiff Day complained to Defendant Miller that he had not received proper overtime wages.

51. Defendant Miller scolded Plaintiff Day for making such complaints and asserted that Defendant Air Methods was not required to pay overtime wages.

52. Plaintiff Day also complained to his superior, Defendant Hill that he was not being paid properly.

53. Defendant Hill also unlawfully chastised Plaintiff Day for making such complaints regarding wages and asserted that the company had paid him correctly.

54. Thereafter, Defendant Miller engaged in a calculated campaign to discredit, humiliate, and otherwise retaliate against Plaintiff Day.

55. Plaintiff Day contacted a payroll representative at Defendant Air Method's corporate headquarters on February 14, 2017, to complain that the new payroll system had not been paying him for all hours that he worked and that he was being incorrectly compensated at a lower hourly rate.

56. On February 18, 2017, Defendants Miller and Hill advised Plaintiff Day that he was being placed on administrative leave purportedly pending an investigation for a patient care issue.

57. On February 23, 2017, Defendant Miller terminated Plaintiff Day's employment.

58. During Plaintiff Day's approximately nine (9) year tenure, he had **NEVER** received **ANY** disciplinary action.

59. Plaintiff Day earned an excellent reputation amongst his peers and the medical community.

60. Further explanation of the alleged patient care incident revealed that Plaintiff Day did not engage in any misconduct; instead the allegation was mere pre-text for unlawful retaliation.

61. In reality, Plaintiff Day's employment was actually terminated due to his complaints, as recent as four (4) days prior to the adverse employment action, related to his wages.

Filed    17-CI-01071    03/22/2017    Vincent Riggs, Fayette Circuit Clerk

62. Plaintiff Fields complained on numerous occasions to her supervisor, Travis Mundy ("Mundy"), that she had not been paid for all hours worked and correctly compensated at an overtime rate.

63. Shortly after Plaintiff Fields' complaints, Mundy gave her a choice to resign or be terminated because she no longer "fulfilled what Air Methods was looking for as an employee."

64. It was clear to Plaintiff Fields that her employment abruptly ended due to her complaints regarding her wages.

65. Plaintiff Frasure complained multiple times to his supervisors that he had not been compensated at an overtime rate for hours worked in excess of forty (40) in a single workweek.

66. Individuals representing themselves as attorneys for Defendant Air Methods asserted to Plaintiff Frasure that the company was not required to pay overtime and that the method of compensation was permitted by law.

67. Shortly after Plaintiff Frasure's complaints, he was wrongfully accused of medical malpractice by his supervisor for an incident where a nurse at a hospital actually engaged in the misconduct. Thereafter, Plaintiff Frasure was required to resign purportedly due to the incident.

68. In reality, it was clear to Plaintiff Frasure that the purported incident was blamed on Plaintiff Frasure to create pre-text for retaliation stemming from his complaints of overtime and wage issues.

69. Plaintiff Logsdon complained on numerous occasions to Defendants Miller and Hill that she was not receiving overtime compensation. Both Defendants scolded

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (622224)

COM : 000011 of 000014

Filed    17-CI-01071    03/22/2017    11    Vincent Riggs, Fayette Circuit Clerk

Plaintiff Logsdon for bringing such complaints and asserted that Defendant Air Methods was not required to pay overtime to any employees.

70. Thereafter, Plaintiff Logsdon was terminated by Defendants after her paramedic partner, Jeffrey C. Pendelton ("Pendelton"), performed an inappropriate surgical procedure on a patient. Plaintiff Logsdon specifically told Pendelton to not perform the surgical procedure. Nonetheless, Defendants Miller and Hill advised Plaintiff Logsdon that her employment was terminated due to the paramedic's performance of the surgical procedure.

71. Shockingly, Defendants did not terminate the employment of Pendelton, the person who actually performed the inappropriate surgical procedure.

72. It is clear that the actual reason for Plaintiff Logsdon's termination, and the different treatment received than her non-complaining co-worker, was her complaints regarding overtime compensation.

73. Plaintiff Burkhart likewise made multiple complaints to Defendants that she was not receiving overtime compensation as required by law.

74. Thereafter, Plaintiff Burkhart was terminated purportedly for a patient care issue.

75. The purported patient care issue stemmed from a medical mistake made by a ground ambulance crew prior to Plaintiff Burkhart's arrival. Plaintiff Burkhart did not make any medical errors and the patient did not suffer any harm from the Plaintiff Burkhart's medical treatment. *Per contra*, Plaintiff Burkhart's medical treatment helped the patient survive his serious medical emergency.

76. The real reason for Defendants' termination of Plaintiff Burkhart's employment stems from her multiple complaints regarding overtime compensation.

77. Plaintiff Bentley complained to his supervisor, Defendant Hill, that he and his employees were not receiving proper compensation for his overtime work. Defendant Hill asserted that there were more than a dozen applicants for Plaintiff Bentley's job and that if he continued his lawful complaints that he would choose one of those applicants to fill his position.

78. Plaintiffs Day, Fields, and Frasure, Logsdon, and Burkhart's terminations and the adverse actions taken against Plaintiff Bentley violate laws including KRS 337.990(9), which forbids an employer from retaliating against an employee who complains about wage issues.

79. Pursuant to KRS 446.070, Plaintiffs Day, Fields, Frasure, Logsdon, Burkhart, and Bentley are entitled to compensatory damages, attorney's fees, and an award of punitive damages against Defendants in an amount that exceeds the jurisdictional minimum of this Court.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

A. Certify this action as a class action under Kentucky Rule of Civil Procedure 23;

B. Enter judgment against Defendants, granting Plaintiffs compensatory and punitive damages to the fullest extent of the law;

C. Awarded costs herein expended including an award of reasonable attorney's fees;

D. Trial by jury; and,

E. Provide such other legal and equitable relief to which they may be entitled.

Filed    17-CI-01071    03/22/2017    Vincent Riggs, Fayette Circuit Clerk

Respectfully Submitted,

### ARNOLD & MILLER, PLC

\s\ Charles W. Arnold
Charles W. Arnold, Esq.
Christopher D. Miller, Esq.
401 West Main Street, Suite 303
Lexington, Kentucky 40507
Telephone: 859.381.9999
Facsimile: 859.389.6666
Email: carnold@arnoldmillerlaw.com
Email: cmiller@arnoldmillerlaw.com
**CO-COUNSEL FOR PLAINTIFFS**

and

### COWAN LAW OFFICE, PLC

\s\ J. Robert Cowan
J. Robert Cowan, Esq.
2401 Regency Road; Suite 300
Lexington, Kentucky 40503
Telephone: 859.523.8883
Facsimile: 859.523.8885
Email: kylaw@cowanlawky.com
**CO-COUNSEL FOR PLAINTIFFS**

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (622224)

COM : 000014 of 000014

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>04/04/2017 12:43:30 PM<br>Case #: **17-CI-01071**<br>92023<br>Court:  **CIRCUIT**<br>County: **FAYETTE** |

*Plantiff,* **DAY, LETCH G, ET AL VS. AIR METHODS CORPORATION, ET AL,** *Defendant*

TO:  **CT CORPORATION SYSTEM**
     **CT CORPORATION SYSTEM**
     **SUITE 512**
     **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**AIR METHODS CORPORATION**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Vincent Riggs, Fayette Circuit Clerk
Date: **03/22/2017**

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (62224)

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____      Served By _____

                                  Title _____

CI : 000001 of 000001

---

Summons ID: @00000747042,
CIRCUIT: 17-CI-01071 Certified Mail
DAY, LETCH G, ET AL VS. AIR METHODS CORPORATION, ET AL



Page 1 of 1

**eFiled**

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **17-CI-01071**<br>92023<br>Court:   **CIRCUIT**<br>County: **FAYETTE** |

NOT ORIGINAL DOCUMENT
04/04/2017 12:43:19 PM
92023

*Plantiff*, **DAY, LETCH G, ET AL VS. AIR METHODS CORPORATION, ET AL**, *Defendant*

TO:  **JOSEPH BARKLEY HILL**
     **139 BRISTOL LANE**
     **MOUNT STERLING, KY 40353**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Vincent Riggs, Fayette Circuit Clerk
Date: **03/22/2017**

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (622224)

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @00000747040,
CIRCUIT: 17-CI-01071 Return to Filer for Service
DAY, LETCH G, ET AL VS. AIR METHODS CORPORATION, ET AL



Page 1 of 1

**eFiled**

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>04/04/2017 12:43:23 PM<br>Case #: **17-CI-01071**<br>92023<br>Court:   **CIRCUIT**<br>County: **FAYETTE** |

*Plantiff,* **DAY, LETCH G, ET AL VS. AIR METHODS CORPORATION, ET AL**, *Defendant*

TO:   **WILLIAM KELLY MILLER**
      **108 BOLAND STREET**
      **BURNSIDE, KY 42519**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Vincent Riggs, Fayette Circuit Clerk
Date: **03/22/2017**

Presiding Judge: HON. JAMES D. ISHMAEL, JR. (62224)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____        _____
                                       Served By

                                       _____
                                       Title

CI : 000001 of 000001

Summons ID: @00000747039,
CIRCUIT: 17-CI-01071 Certified Mail
DAY, LETCH G, ET AL VS. AIR METHODS CORPORATION, ET AL



Page 1 of 1

**eFiled**